IN RE ESTATE OF PEDER J. SNETHUN.
OLE P. OVREGAARD, APPELLANT.[1]

April 17, 1930.

No. 27,880.

[1]Reported in 230 N. W. 483.

*Johnson & Hoel,* for appellant.
*A. W. Ewing,* for respondent.

TAYLOR, C.

Peder J. Snethun was born in Norway in 1864. He came to this country in 1892 and settled in Lac qui Parle county in this state. He married the respondent, Pettronille Snethun, in 1922. They had no children. He died intestate April 15, 1927. In the proceedings to probate his estate his widow asserted that she was his sole heir. Ole P. Ovregaard filed a petition in which he asserted that he was an illegitimate son of the decedent; that the decedent had acknowledged him as such in writing before competent witnesses; and that he was entitled to share in the estate as an heir. The probate court held that he had established his right to inherit and made a final decree assigning to the widow one-third of the estate and to him two-thirds thereof. The widow appealed to the district court. That court held that the writings produced by Ovregaard failed to show that he had been acknowledged as the son of the decedent in the manner required by the statute to entitle him to inherit, and reversed the decree of the probate court. Ovregaard appealed from an order denying his application for a new trial.

The statute provides:

"An illegitimate child shall inherit from his mother the same as if born in lawful wedlock, and also from the person who, in writing and before a competent attesting witness, shall have declared himself to be his father." G. S. 1923 (2 Mason, 1927) § 8723.

Ole P. Ovregaard was born in Norway and has always been a resident of that country. After the death of the decedent there was found in a small locked iron box, among other papers, a sealed envelope upon which was written in his own handwriting, "Mr. Peder J. Snethun," and below this are words in the Norwegian language which are translated, "Nobody break (open) this other than myself

after my time burn it up." This envelope was opened and was found to contain two documents in Norwegian. They were translated at the hearing. One is the record of proceedings under the Norwegian law requiring Peder J. Snethun to pay to Elsebeth Olsdatter Ovregaard, as the mother of the child Ole, a specified "annual rearing-contribution," unless he shall exculpate himself in the manner provided by the law from the charge that he is the father of the child. To this were attached receipts for certain of these payments. The other document is an agreement made later which recites that under the legal proceedings above mentioned he "is in duty bound to pay rearing-contribution to Elsebet Olsdatter Ovregaard for an illegitimate child named Ole," and in which it is agreed between him and Elsebeth that he shall pay her the sum of 160 crowns "once for all." This agreement was signed by both and witnessed. To it are attached receipts acknowledging payment of the full amount. These two documents are the instruments upon which Ovregaard relies as establishing his right to inherit.

The decedent apparently made no attempt to "exculpate himself" from the charge that he was the father of the child, and the evidence presented at the hearing leaves no doubt that he was in fact the father. But while the documents in question contain admissions that by virtue of the legal proceedings it was his duty to pay the "rearing-contribution" prescribed, they contain no statement by him that he was the father of the child. And the fact that he placed these documents in a sealed envelope and indorsed upon it a direction to the effect that it be burned unopened at his death shows that he had no intention that they should constitute the written acknowledgment of paternity required by the statute.

At common law an illegitimate child could not inherit. To entitle him to inherit from his father under the statute the child must show that the father stated in writing before an attesting witness that he was the father of such child. The form or character of the writing is not material, but to have the effect of establishing heirship it must contain an express acknowledgment of the paternity of the child. Pederson v. Christofferson, 97 Minn. 491, 106 N. W. 958;

Williams v. Reid, 130 Minn. 256, 153 N. W. 324, 593; In re Estate of Berdell, 143 Minn. 328, 173 N. W. 665. See also In re Estate of Holum, 179 Minn. 315, 229 N. W. 133.

As the documents presented fail to show that the decedent had acknowledged Ovregaard as his son, they do not bring Ovregaard within the operation of the statute, and we concur in the conclusion of the learned trial court that he is not entitled to inherit from the decedent.

Order affirmed.

